UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN D. HORNE, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, et al.,<br><br>　　　　Defendants. | 1:09-cv-01790-OWW-SKO<br><br>MEMORANDUM DECISION REGARDING CROSS-MOTIONS FOR SUMMARY JUDGEMENT (Docs. 14, 15) |

## I. INTRODUCTION.

Plaintiffs Marvin D. Horne, Laura R. Horne, and Raisin Valley Farms Marketing, LLC proceed with this action for declaratory and injunctive relief against the United States Department of Agriculture ("USDA"). (Doc. 2). Plaintiffs seek an order setting aside the USDA's denial of Plaintiffs' petition for rule-making.

The parties have filed cross-motions for summary judgment. (Docs. 14, 15). Plaintiffs filed opposition to USDA's motion for summary judgment on October 26, 2010. USDA filed a reply on November 15, 2010. (Doc. 17).

## II. FACTUAL BACKGROUND.

USDA's Rules of Practice ("Rules of Practice") provide that a final order issued by the Secretary shall be filed with the hearing clerk, who shall serve it upon the parties. 7 C.F.R. § 900.66(b).

1

The Rules of Practice provide several methods for service:

> Service shall be made either (1) by delivering a copy of the document or paper to the individual to be served or to a member of the partnership to be served or to the president, secretary, or other executive officer or any director of the corporation, organization, or association to be served, or to the attorney or agent of record of such individual, partnership, corporation, organization, or association; or (2) by leaving a copy of the document or paper at the principal office or place of business of such individual, partnership, corporation, organization, or association, or of his or its attorney or agent of record; or (3) by registering and mailing a copy of the document or paper, addressed to such individual, partnership, corporation, organization, or association, or to his or its attorney or agent of record, at his or its last known principal office, place of business, or residence.

7 C.F.R. § 900.69(b). The Rules do not provide for electronic service.

Plaintiffs were the victims of a failed notice attempt effected under section 900.69(b), and as a result, lost the ability to challenge a decision adverse to them. *See Horne v. USDA*, 2008 U.S. Dist. LEXIS 95094 * 16 (E.D. Cal. Nov. 10, 2008) aff'd, 2010 U.S. App. LEXIS 19393 (9th Cir. Sept. 17, 2010). On or about December 31, 2008, Plaintiffs filed a petition with USDA seeking, inter alia, that USDA "engage in rule making to amend the Rules of Practice located at 7 C.F.R. § 900.50 Et Seq [sic] to require prompt notice, such as facsimile or e-mail, or even overnight delivery" of decisions by the Administrative Law Judge or Judicial Officer ("the Petition"). By letter dated September 18, 2009, USDA's Agricultural Marketing Service denied the Petition.

### III. **LEGAL STANDARD**.

Pursuant to 5 U.S.C. § 533(e), "[e]ach agency shall give an interested person the right to petition for the issuance, amendment, or repeal of a rule." As the Senate Judiciary Committee

**2**

noted in its report on the APA:

> the mere filing of a petition does not require an agency to grant it, or to hold a hearing, or engage in any other public rule making proceedings. The refusal of an agency to grant the petition or to hold rule making proceedings, therefore, would not per se be subject to judicial reversal. However, the facts or considerations brought to the attention of the agency by [a petition for rule-making] might be such as to require the agency to act to prevent the rule from continuing or becoming vulnerable to judicial review.

*WWHT, Inc. v. Federal Communications Com.*, 656 F.2d 807, 813 (Ct. App. D.C. 1981) (citing S. REP. NO. 752, 79th Cong., 1st Sess. (1945), reprinted in LEGISLATIVE HISTORY, at 201-02 (1946)).

An Agency's denial of a petition for rule-making is subject to judicial review, but such review is "extremely limited" and "highly deferential." *Massachusetts v. EPA*, 549 U.S. 497, 527 (2007) (citing *National Customs Brokers & Forwarders Ass'n. v. United States*, 883 F.2d 93, 96 (D.C. Cir. 1989)); *see also Preminger v. Sec'y of Veterans Affairs*, 2011 U.S. App. LEXIS 1559 *16-17 (Ct. App. Fed. Cir. 2011). Review is necessarily limited to the narrow issues as defined by the denial of the petition for rule-making, and does not extend to substantive review of the merits of the policies implicated by the rule-making petition. *See id., see also Digiovanni v. FAA*, 249 Fed. Appx. 842, 843 (2nd Cir. 2007) (citing *Nat'l Labor Relations Bd. Union v. Fed. Labor Relations Auth.*, 834 F.2d 191, 196 (D.C. Cir. 1987)). For purposes of a challenge to an agency's denial of a petition for rule-making, the administrative record consists of the petition for rule-making, comments pro and con where deemed appropriate, and the agency's explanation of its decision to reject the petition. *WWHT,* 656 F.2d

**3**

at 817; *Defenders of Wildlife v. Gutierrez,* 532 F.3d 913, 920 (D.C. Cir. 2008)(same); *see also Action for Children's Television v. FCC*, 564 F.2d 458, 472 n.24 (D.C. Cir. 1977) (in cases where the agency has decided against promulgation of a rule, the scope of review is very limited because the "record" will likely be a simple statement of reasons for non-adoption).

The "arbitrary and capricious" standard set forth in section 706(2)(A) of the Administrative Procedure Act provides the applicable standard of review for challenges to denial of rule-making petitions, *e.g. Weight Watchers Int'l v. FTC*, 47 F.3d 990, 992 (9th Cir. 1994), but the standard is applied in an especially deferential manner as a decision to deny a rule-making petition "is essentially a legislative one," *WWHT,* 656 F.2d at 817; *accord EMR Network v. FCC*, 391 F.3d 269, 273 (D.C. Cir. 2004) ("[a]s applied to refusals to initiate rulemakings, this standard is 'at the high end of the range' of deference" to the agency) (citations omitted); *Brown v. Secretary of Health and Human Serv.*, 46 F.3d 102, 110 (1st Cir. 1995) (agency's "refusal to institute rule-making 'is to be overturned only in the rarest and most compelling of circumstances.'") (citations omitted). A reviewing court should do no more than assure itself that the agency acted "in a manner calculated to negate the dangers of arbitrariness and irrationality" in denying a petition for rule-making. *WWHT*, 656 F.2d at 817.[1]

///

---

[1] Plaintiffs do not allege that the USDA did not comply with relevant procedural rules applicable to petitions for rule-making.

**4**

## IV. DISCUSSION.

**A. Plaintiff's Motion for Summary Judgement**

The Petition is predicated on Plaintiffs' contention that the Rules of Practice "have no provision for promptly and expeditiously notifying Petitioners with various rulings," and that failure to provide prompt notice is a denial of due process. (Complaint, Ex. 1, Petition for Rule-Making at ¶¶ 25, 27). The only evidence presented in the Petition in support of Plaintiffs' request consisted of a single instance in which Plaintiffs did not receive timely notice because a decision that was sent to Plaintiffs' counsel did not arrive until after the time to file for judicial review had expired. (Complaint, Ex. 1, Petition for Rule-Making).

USDA denied Plaintiff's petition, finding that "procedures under the applicable Rules of Practice are adequate to effectuate service of department decisions and other legal documents." (Complaint, Ex. 2). This finding was neither arbitrary nor capricious in light of the scant evidence Plaintiffs presented to show that the Rules of Practice are inadequate. Plaintiffs did not present sufficient evidence of service failures to establish the need for rule-making as the problem is exceptional and has not been shown to be one that reoccurs.

In challenging an agency's denial of a petition for rule-making, a party must establish that the agency's denial was arbitrary and capricious in light of the facts and considerations presented in the petition. *See, e.g.*, *WWHT*, 656 F.2d at 817 (scope of review limited to petition and decision). The Secretary of Agriculture's record, which included a judicial decision confirming the constitutional adequacy of the Rules of Practice in place,

**5**

establishes that it was reasonable to find that the current procedures are adequate and to deny the Petition.

At oral argument, Plaintiffs' counsel argued it was inappropriate for the USDA to rely on this court's decision in denying the Petition. Plaintiffs' argument lacks merit, as the Petition was based, in part, on Plaintiffs' contention that the current Rules of Practice lead to due process violations.[2] The record demonstrates that USDA received Plaintiff's petition, considered it, and issued a reasoned written decision based on the record before it. Plaintiffs' Petition did not contain sufficient evidence to require USDA to change its notice procedures. Plaintiffs motion for summary judgment is DENIED.

**B. USDA's Motion for Summary Judgment**

The factual record in this action is limited to the Petition and the decision denying the Petition. Because, given state of the record before the USDA, the court cannot say that denial of the Petition was arbitrary and capricious, and because Plaintiffs cannot adduce additional evidence in this court that was not raised in the Petition, USDA's motion for summary judgment must be GRANTED.

**ORDER**

For the reasons stated, IT IS ORDERED:

1) Plaintiffs' motion for summary judgment is DENIED;

---

[2] Had Plaintiffs produced sufficient evidence to establish that the Rules of Practice create too great a risk of repeated failed notice attempts, reliance on the court's decision may have been problematic. Based on the limited administrative record, however, the court cannot say that USDA's finding was arbitrary and capricious. Were a single anecdotal instance of injustice sufficient to permit court intervention in administrative rule-making, the broad discretion agencies enjoy in crafting appropriate policies and procedures would be eviscerated.

**6**

2) USDA's motion for summary judgment is GRANTED; and

3) USDA shall lodge a form of order consistent with this memorandum decision within five (5) days of electronic service of this decision.

IT IS SO ORDERED.

**Dated:   February 7, 2011**          /s/ Oliver W. Wanger
                                       UNITED STATES DISTRICT JUDGE